IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT W. JOINER,

Plaintiff,

v.

EMBRAER AIRCRAFT MAINTENANCE SERVICES, INC.,

Defendant.

Case No. 3:09-0085
Judge William J. Haynes, Jr.

JURY DEMANDED

DEFENDANT'S RENEWED AND AMENDED BRIEF IN SUPPORT OF BIFURCATING THE TRIAL INTO "LIABILITY" AND "DAMAGES" PHASES

Pursuant to this Court's [Amended] Case Management Order No. 2 (Docket Entry No. 88), Defendant Embraer Aircraft Maintenance Services, Inc. ("EAMS") submits this Brief in support of bifurcating this action into "liability" and "damages" phases pursuant to Federal Rule of Civil Procedure 42(b).[1] Any such testimony or evidence is unfairly prejudicial under Federal Rules of Evidence 403. In the alternative, EAMS moves the Court to bifurcate the punitive damages phase of the trial.

## A. BIFURCATION WOULD PROMOTE JUDICIAL ECONOMY

This trial should be bifurcated to determine first, whether EAMS is liable at all to Plaintiff on his claim that he was discharged in retaliation for complaining about an allegedly racially-insensitive email; and second, if Plaintiff is successful during the first stage, to determine the damages to which he is entitled.

[1] EAMS originally filed this Brief on April 9, 2010. See Docket Entry No. 63. It now renews its request for bifurcation in an abundance of caution, as the Court did not take any action the request when it granted EAMS's Motion for Summary Judgment. See Docket Entry No. 68.