IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT W. JOINER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:09-0085 ) Judge William J. Haynes, Jr. |
| EMBRAER AIRCRAFT MAINTENANCE SERVICES, INC., | ) ) JURY DEMANDED ) |
| Defendant. | ) |

*[Handwritten order: "ORDER This motion is GRANTED in part and DENIED in part for reasons to be filed in open court."]*

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S ECONOMIC DAMAGES AFTER JUNE 10, 2008

Defendant Embraer Aircraft Maintenance Services, Inc. ("EAMS"), moves the Court *in limine* to instruct Plaintiffs not to refer to, interrogate concerning, attempt to offer into evidence, or convey to the jury in any manner, either directly or indirectly, any testimony, evidence or information of any kind relating to his asserted economic damages following his June 11, 2008, date of hire with the Bartech Group. Such evidence is irrelevant as a matter of law because Plaintiff obtained employment at the Bartech Group on June 11, 2008, earning more money than he earned at EAMS. He resigned this position approximately six months later. As a matter of law, Plaintiff is not entitled to recover backpay once hired by Bartech, and any evidence of economic loss after this date is irrelevant, as a matter of law. Even if such evidence is legally relevant, which it is not, the probative value of the proposed evidence is substantially outweighed by the danger of unfair prejudice under Rule 403. Accordingly, the evidence is inadmissible under Fed. R. Evid. 402 and 403.